**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

Matthew McDermott,

                    Plaintiff,

    -   against -


Kalita Mukul Creative Inc.,

                  Defendant.

No. 1:23-cv-01274-HG


**DEFENDANT KALITA MUKUL CREATIVE INC.'S OPPOSITION TO
PLAINTIFF MATTHEW MCDERMOTT'S
MOTION FOR ATTORNEYS' FEES AND COSTS**

# TABLE OF CONTENT

PRELIMINARY STATEMENT ................................................................................ 1

BACKGROUND.................................................................................................... 3

I.    Plaintiff Initiated The Instant Lawsuit Against KMC Without Attempting Pre-
      Litigation Resolution.................................................................................. 3

II.   Plaintiff Engaged in Vexatious Litigation That Multiplied the Burden on The
      Court and the Parties. ................................................................................ 4

      A.    Plaintiff Resisted and Was Eventually Compelled to Produce Documents
            Supporting His Claim of Damages........................................................ 4

      B.    Plaintiff Insisted on Unreasonable Settlement Demands Despite the
            Magistrate Judge's Recommendation and Warning. ............................ 5

      C.    Plaintiff's Counsel Ignored This Court's Warning of Plaintiff's Potential
            Liability for KMC's Costs.................................................................... 6

      D.    Plaintiff Filed an Unnecessary Motion to Strongarm KMC Into a
            Settlement Agreement to Which it Did Not Agree.............................. 6

      E.    Plaintiff's Lack of Cooperation During Pre-Trial Preparation Resulted in
            Unnecessary Motion Practice and Burden on Third Parties................. 7

III.  The Trial Record Showed That KMC's Copyright Infringement Was Innocent
      And Not Willful........................................................................................ 8

ARGUMENT........................................................................................................ 9

I.    The *Fogerty Factors* Do Not Support an Award of Attorneys' Fees and Costs............... 9

      A.    KMC Pursued Meritorious Defenses and Exercised Good-Faith,
            Reasonable Judgment in Its Litigation Decisions............................... 10

            1.    KMC's Affirmative Defenses Were Reasonable..................... 10

            2.    KMC Made Good-Faith Effort to Settle Plaintiff's Claim
                  Throughout This Action....................................................... 12

            3.    KMC Exercised Good-Faith, Reasonable Judgment in Its
                  Litigation Decisions............................................................ 13

      B.    KMC's Motivation Was to Fairly and Efficiently Resolve This Matter
            Despite Plaintiff's Insistence on Litigation........................................ 15

C.    Plaintiff's Copyright Claim Was Unreasonable as He Pursued Settlement
      Demands Divorced From Evidence...................................................................17

D.    An Award of Fees is Not Needed for Compensation and Deterrence..................18

II.   Because KMC's Infringement Was Not Willful, An Award of Attorneys' Fees is
      Unwarranted. ...........................................................................................................19

III.  An Award of Attorneys' Fees Would Frustrate the Purposes of The Copyright Act
      and Discourage Efficient Resolution of Claims......................................................20

IV.   Even if Plaintiff Were Entitled to Attorneys' Fees and Costs (He is Not), The
      Requested Amount is Unreasonable........................................................................22

A.    The Time Records of Plaintiff's Counsel Are Subject to Reduction for
      Block-Billing and Vagueness............................................................................23

B.    Plaintiff's Hourly Rates Are Unreasonable......................................................24

C.    No Costs Should Be Awarded. .........................................................................25

CONCLUSION...............................................................................................................25

**Cases**

*Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG*,
2005 WL 3099592 (S.D.N.Y. Nov. 17, 2005) ............................................................... 24

*Assessment Tech. of WI, LLC v. WIREdata, Inc.*,
361 F.3d 434 (7th Cir. 2004) ............................................................................ 19

*Baker v. Urb. Outfitters, Inc.*,
431 F. Supp. 2d 351 (S.D.N.Y. 2006), *aff'd*, 249 F. App'x 845 (2d Cir. 2007) .................. 17

*Baker v. Urban Outfitters, Inc.*,
254 F. Supp. 2d 346 (S.D. N.Y. 2003) ................................................................. 12

*Barcroft Media, Ltd. v. Coed Media Group, LLC*,
2018 WL 357298 (S.D.N.Y. Jan. 10, 2018) ........................................................ 12, 21

*Boisson v. Banian Ltd.*,
280 F. Supp. 2d 10 (E.D.N.Y. 2003) ................................................................... 14

*Bourne Co. v. MPL Commc'ns, Inc.*,
678 F. Supp. 70 (S.D.N.Y. 1988) ....................................................................... 14

*Bryant v. Media Right Productions, Inc.*,
603 F.3d 135 (2d Cir. 2010) .............................................................................. 12

*BWP Media USA, Inc. v. Mishka NYC LLC*,
2016 WL 8309676 (E.D.N.Y. Dec. 28, 2016) ..................................................... 18, 21

*Cartoon Network LP, LLLP v. CSC Holdings, Inc.*,
536 F.3d 121 (2d Cir. 2008) .............................................................................. 13

*Crown Awards, Inc. v. Discount Trophy & Co., Inc.*,
564 F. Supp. 2d 290 (S.D.N.Y. 2008), *aff'd*, 326 Fed. App'x 575 (2d Cir. 2009) ............................................................................................................ 18

*Dolori Fabrics, Inc. v. Limited, Inc.*,
662 F. Supp. 1347 (S.D.N.Y. 1987) .................................................................... 19

*Fogerty v. Fantasy, Inc.*,
510 U.S. 517 (1994) ......................................................................... 8, 9, 19, 20

*GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*,
918 F.3d 92 (2d Cir. 2019) ............................................................................... 10

*Golden v. Michael Grecco Prods., Inc.*,
    524 F. Supp. 3d 52 (E.D.N.Y. 2021)................................................................ 18

*Haker v. Tentree Int'l Inc.*,
    2021 WL 3884195 (E.D.N.Y. Aug. 31, 2021) .................................................. 24

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ........................................................................................ 22

*Hollander Glass Texas, Inc. v. Rosen-Paramount Glass Co.*,
    291 F. Supp. 3d 554 (S.D.N.Y. 2018) ............................................................. 23

*In Design v. K-Mart Apparel Corp.*,
    13 F.3d 559 (2d Cir. 1994) .............................................................................. 20

*John Wiley & Sons, Inc. v. Kirtsaeng*,
    2016 WL 7392210 (S.D.N.Y. Dec. 21, 2016) ................................................. 11

*Kirtsaeng v. John Wiley & Sons, Inc.*,
    579 U.S. 197 (2016) .................................................................................. 10, 20

*Margel v. E.G.L. Gem Lab Ltd.*,
    2009 WL 302069 (S.D.N.Y. Feb. 6, 2009) ............................................*passim*

*Martinka v. Yeshiva World News, LLC*,
    2022 WL 4484655 (E.D.N.Y. Sept. 27, 2022) ................................................ 24

*Matthew Bender & Co., Inc. v. West Pub. Co.*,
    240 F.3d 116 (2d Cir. 2001) ............................................................................ 14

*McDermott v. Light the Region Media LLC*,
    2023 WL 8656783 (W.D.N.Y. Dec. 15, 2023) ............................................... 25

*Nimkoff Rosenfeld & Schechter, LLP v. RKO Props., Ltd.*,
    2011 WL 8955840 (S.D.N.Y. Apr. 7, 2011) ................................................... 23

*Overseas Direct Imp. Co. v. Family Dollar Stores Inc.*,
    2013 WL 5988937 (S.D.N.Y. Nov. 12, 2013) ................................................ 10

*Prepared Food Photos, Inc. v. Mikey's Famous Marinades Corp.*,
    2023 WL 4867457 (E.D.N.Y. July 31, 2023) .................................................. 24

*Reiffer v. NYC Luxury Limousine Ltd.*,
    2023 WL 4029400 (S.D.N.Y. June 15, 2023) ............................................. 9, 10

*Seidman v. Authentic Brands Grp. LLC*,
    2020 WL 1922375 (S.D.N.Y. Apr. 21, 2020) ............................................ 20, 21

*Simmons v. New York City Transit Auth.*,
    575 F.3d 170 (2d Cir. 2009) ................................................................ 22

*Societe Del Hotels Meridien v. LaSalle Hotel Operating P'ship*,
    2003 WL 21982959 (S.D.N.Y. Aug. 20, 2003) ........................................ 10, 14

*Soler v. G & U, Inc.*,
    801 F.Supp. 1056 (S.D.N.Y.1992) ........................................................ 23

*Spalluto v. Trump Int'l Hotel & Tower*,
    2008 WL 4525372 (S.D.N.Y. Oct. 2, 2008) .............................................. 23

*Tafari v. Hues*,
    473 F.3d 440 (2d Cir.2007) ................................................................ 10

*Trs. of Empire State Carpenters Annuity v. Penco United, LLC*,
    2015 WL 1650960 (E.D.N.Y. Apr. 14, 2015) ............................................ 23

*TVT Recs., Inc. v. Island Def Jam Music Grp.*,
    446 F. Supp. 2d 235 (S.D.N.Y. 2006) .................................................... 19

*Walsh v. Townsquare Media, Inc.*,
    565 F. Supp. 3d 400 (S.D.N.Y. 2021) ...................................................... 9

*Warner Bros., Inc. v. Dae Rim Trading, Inc.*,
    677 F. Supp. 740 (S.D.N.Y. 1988) ...................................................... 9, 19

*Warner Bros., Inc. v. Dae Rim Trading, Inc.*,
    877 F.2d 1120 (2d Cir. 1989) ............................................................ 14

*Williamsburg Fair Hous. Comm. v. N.Y. City Hous. Auth.*,
    2007 WL 486610 (S.D.N.Y. Feb. 14, 2007) ............................................ 23

**Statutes**

Copyright Act, 17 U.S.C. § 505 et seq. .............................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 12 ............................................................................ 10

Fed. R. Civ. P. 68 ...................................................................... *passim*

Fed. R. Evid. 408 ............................................................................ 19

Defendant Kalita Mukul Creative Inc. ("KMC"), through counsel, respectfully submits this memorandum of law in opposition to Plaintiff Matthew McDermott's Motion for Attorneys' Fees. ECF No. 49. Through his Motion, Plaintiff once again distorts the history of this action, misconstrues the underlying facts, and misapplies the law, all in an attempt to obtain an unjust and unearned windfall through a tortured application of the Copyright Act. As further explained below, Plaintiff's motion should be denied.

## PRELIMINARY STATEMENT

KMC is a small community news publisher with the goal of sharing relevant information to its local community in Queens, New York. KMC made an honest mistake when it included Plaintiff's photograph (the "Photograph") in an online article (the "Article") about a New York City election in December 2021. The Article promoted no products and generated little interest, with fewer than one hundred views between December 2021, when it was published, until March 2023, shortly after the Photograph was taken down. Plaintiff discovered the article in March 2022, yet did nothing for almost a year—Plaintiff did not notify KMC so that it could take down the Photograph, and he did not make any attempt to negotiate a reasonable license fee or administrative payment. Instead, Plaintiff filed the instant action in March 2023, almost a year later, and made a settlement demand far in excess of the license value of the Photograph, even though KMC promptly removed the Photograph upon learning of the lawsuit.

Discovery only confirmed the baselessness of Plaintiff's demand—the only payment that Plaintiff ever received for the Photograph was $470 from the New York Post. This payment was for not just the Photograph, but also included for 59 versions of the Photograph and the photography session itself. Plaintiff was unable to produce any other evidence of license agreement or payment in connection with the Photograph.

Despite Plaintiff's steadfast refusal to negotiate settlement, KMC persisted in its efforts to amicably and efficiently resolve the case. Notably, KMC participated in a settlement conference with Magistrate Judge Reyes and—at his recommendation—issued a Rule 68 Offer of Judgment for an amount well above any reasonable damages that Plaintiff would conceivably receive in this case. Plaintiff nevertheless rejected this offer and insisted upon litigating this case, filing unnecessary motions one after another and losing every single one.

KMC demonstrated at trial that its copyright infringement was innocent—and at worst, not willful. The trial record also showed that KMC proactively engaged in measures to strengthen its copyright compliance since the commencement of this action, and that only minimum statutory damages were warranted. Despite these facts, Plaintiff now moves for an award of attorneys' fees *several hundred times greater* than any reasonable value of the license for the Photograph. This outrageous demand makes clear what Plaintiff's conduct has consistently suggested from the start: that this case is not a vehicle to protect Plaintiff's copyright, but to maximize Plaintiff's counsel's profits. However, it is well settled that an award of attorneys' fees and costs is discretionary under the Copyright Act, and that such awards are typically not awarded in cases involving non-willful infringement of low-value works. Indeed, this Court has recognized that it is *plaintiff*—not defendant—who may ultimately be liable for costs in this case pursuant to Rule 68(d).

In addition to being substantively deficient, Plaintiff's Motion seeks to relitigate already-settled discovery disputes and motions *in limine*. Perhaps more concerningly, Plaintiff makes several unfounded allegations regarding KMC's counsel. These allegations and purported arguments are not only irrelevant to Plaintiff's Motion, but also patently untrue and unprofessional. Ultimately, they only highlight Plaintiff and his counsel's improper motive in pursuing this action.

For these reasons, and those set out in more detail below, this Court should reject Plaintiff's bad faith litigation tactics and deny his Motion.

## BACKGROUND

### I. Plaintiff Initiated The Instant Lawsuit Against KMC Without Attempting Pre-Litigation Resolution.

On February 16, 2023, Plaintiff Matthew McDermott, a freelance photographer, filed a lawsuit against KMC alleging copyright violation based on a single use of the Photograph, in connection with the Article published in December 2021. ECF No. 1. The Article did not promote any product, did not generate any revenue, and resulted in only 96 views between December 2021 and March 2023. ECF No. 45 at 72:4-12, 81:12-19, ECF No. 52-3 (DX_0002).

Although Plaintiff's counsel—not Plaintiff—discovered and informed Plaintiff of the use of the Photograph on or around March 14, 2022, ECF No. 45 at 114:7-8, Plaintiff did not contact KMC for nearly a year prior to filing this action, ECF No. 37 at 5. KMC found out about this action when other law firms solicited KMC for representation. ECF No. 45 at 48:12-19, 82:2-9. It is undisputed that Plaintiff never once reached out to KMC with a demand letter, or a request to enter into a license agreement, prior to filing this instant action. *Id.* at 81:23-82:9.

As soon as KMC was apprised of this action, it sought prompt resolution: within days, KMC made a settlement offer of $500, more than twice the minimum amount allowed for innocent infringement. ECF No. 41 at 1. Plaintiff rejected this offer and instead demanded more than 25 times KMC's offer, without providing any basis to support that amount. *Id.* In an ongoing effort to streamline the case and encourage settlement, KMC chose not to pursue a number of defenses it raised in the Answer, chose not to pursue an expert, and even "readily conceded liability to narrow the scope of the issues in dispute and to alleviate the burden on the parties and the court." ECF No. 34 at 3. However, such efforts proved futile as Plaintiff insisted on unreasonable

settlement demand. *See generally* ECF No. 41. KMC was thus forced to litigate all the way to trial.

## II. Plaintiff Engaged in Vexatious Litigation That Multiplied the Burden on The Court and the Parties.

As further outlined below, throughout this litigation, Plaintiff created obstacles that only multiplied the Parties' and the Court's burden: Plaintiff resisted the production of key evidence, rejected any attempt at reasonable settlement, ignored this Court and Magistrate Judge's warning about potential liability, consistently engaged in unnecessary motion practice, and declined to meet-and-confer about trial.

### A. Plaintiff Resisted and Was Eventually Compelled to Produce Documents Supporting His Claim of Damages.

Plaintiff's obstructionist litigation tactics plagued the Parties' discovery. For example, despite the importance of the license agreements in connection with the Photograph and any payments Plaintiff received from the Photograph in supporting his claim for damages, Plaintiff repeatedly failed to produce these agreements. ECF No. 20. Plaintiff had taken the unreasonable position that KMC's requests of these documents were "overly broad, unduly burdensome and not proportional to the needs of this case." ECF No. 20. On August 7, 2023, the Court compelled their production. ECF No. 21.

Discovery only confirmed the inflated value of Plaintiff's claim—KMC ultimately admitted to not having received any payment for the Photograph, except $470 from the New York Post for both the perpetual license of 59 photographs of Keechant Sewell, including the Photograph, and the 8-hour photography session. ECF No. 41-2 at 7; ECF No. 45 at 106:12-21, 113:18-21. Discovery also revealed that the Photograph has never been licensed to any other entity. ECF No. 45 at 113:18-21; ECF No. 28 at 15:19-23. To this day, KMC has not received

any license agreements between the New York Post and Plaintiff, as Plaintiff was unable to locate them.  ECF No. 30 at 2.

**B.      Plaintiff Insisted on Unreasonable Settlement Demands Despite the Magistrate Judge's Recommendation and Warning.**

Even Magistrate Judge Reyes's recommendation and warning could not penetrate Plaintiff's steadfast commitment to his unreasonable, baseless settlement demand amount.

At the settlement conference held on September 11, 2023, Magistrate Judge Reyes characterized Plaintiff's action as being "all about attorneys fees," ECF No. 28 at 12:17, recommended that Plaintiff settle this action for $2,500, ECF No. 28 at 9:5-6 ("Why don't you settle the case for 2,500 bucks?"), and encouraged KMC to make an offer of judgment under Rule 68, *id.* at 13:16.  Notably, Magistrate Judge expressed skepticism that Plaintiff could recover his attorneys' fees, *id.* at 12:17, and instead warned Plaintiff that he might be at risk of owing KMC's costs instead:

> [Plaintiff] could get statutory damages on the low end, or the middle. The cost of litigating will exceed that.  There's no guarantee of getting his attorney['s] fees especially if he files a Rule 68 and it's not accepted.  It seems . . . no sense to me.

*Id.* at 16:18-22.

Plaintiff rejected Magistrate Judge's recommendation, because he believed that "insurance is at play in this matter that would be liable for any judgment that would be awarded to plaintiff should he be successful prosecuting this matter," and that therefore, this case "would warrant a higher figure."  *Id.* at 9:18-10:4.

On September 11, 2023, consistent with Magistrate Judge Reyes' recommendation, in another effort to resolve the action, KMC made an Offer of Judgment under Rule 68, ECF No. 41-3.  This Offer was promptly rejected.

### C. Plaintiff's Counsel Ignored This Court's Warning of Plaintiff's Potential Liability for KMC's Costs.

Echoing Magistrate Judge Reyes's warning, on March 29, 2024, the Court issued an Order *sua sponte* as follows:

> In view of the ***de minimis*** amount in controversy and the parties' representations regarding their settlement efforts to date, ***the Court is concerned that Plaintiff may not be aware that he may ultimately be liable for certain costs, which are likely to increase significantly as this case approaches trial, pursuant to Rule 68(d).*** Accordingly, Plaintiff's counsel is ORDERED to file a declaration on the docket on or before April 2, 2024, confirming that they have conveyed all of Defendant's settlement offers and Defendant's offer of judgment, to Plaintiff, and that Plaintiff is aware of the potential liability for Defendant's costs under these circumstances.

Text Order on March 29, 2024 (emphasis added).

On April 2, 2024, Plaintiff filed a declaration pursuant to the March 29, 2024 Order. ECF No. 43. Plaintiff once again took this declaration as an opportunity to sling mud at KMC's counsel, accusing counsel of misrepresenting facts to the Court, and engaging in "consistent pattern of gamesmanship," all the while distorting the Parties' correspondence. ECF No. 43 at 3 n.3.

### D. Plaintiff Filed an Unnecessary Motion to Strongarm KMC Into a Settlement Agreement to Which it Did Not Agree.

Consistent with KMC's goal of speedy resolution, KMC continued to engage in settlement negotiations with Plaintiff at various junctures throughout this litigation. ECF No. 41. During one such negotiation, when KMC did not respond to Plaintiff's demand to his satisfaction—and without notifying KMC of its intention to engage in motion practice—on March 5, 2024, Plaintiff filed a letter motion seeking to enforce the Parties' so-called settlement agreement. ECF No. 40 at 1. In effect, through this motion, Plaintiff sought to strongarm KMC into settlement terms to which it did not agree—namely, that the Parties supposedly stipulated to the statutory damages of

$2,000 but agreed to litigate the issues of willfulness and attorneys' fees.  *See* ECF No. 40.  KMC was once again forced to litigate this issue, and filed an opposition in response.  ECF No. 41.

On March 13, 2024, the Court denied Plaintiff's motion to enforce the so-called settlement agreement, noting that there was no enforceable settlement agreement.  Text Order, dated March 13, 2024.

### E.    Plaintiff's Lack of Cooperation During Pre-Trial Preparation Resulted in Unnecessary Motion Practice and Burden on Third Parties.

KMC consistently sought to streamline the trial and minimize the burden on the Parties and the Court.  To that end, KMC chose not to pursue many of the defenses it raised in the Answer, chose not to engage an expert, and chose not to file any motion *in limine*.  KMC relied upon a single witness—Sanghamitra Mitra Kalita, the founder of KMC—for its affirmative case.  KMC sought to meet-and-confer with Plaintiff regarding the number of witnesses and the hearing time allocation.  Go Decl. Ex. A (Email dated March 27, 2024 from J. Vera to J. Kwon).[1]

By contrast, on March 1, 2024, Plaintiff filed an omnibus motion *in limine*, in relevant parts, seeking to preclude at trial (1) any references or testimony to support the affirmative defensive of infringement; and (2) KMC's trial exhibit DX_0013, which is of a screenshot of Getty Images Calculator.  ECF No. 38.  KMC was once again forced to litigate these issues, and filed an opposition in response.  *See* ECF No. 42.  On March 25, 2024, the Court denied Plaintiff's motion in its entirety, noting that "Defendant has not waived its defense of innocent infringement by not pleading it in its Answer," and that Plaintiff cannot claim surprise in "Defendant's intention to use this publicly available evidence when Plaintiff himself is planning to introduce a different estimate,

---

[1] "Go Decl." refers to the declaration of Gawon Go filed together in support of this opposition.

calculated using the exact same tool applying different parameters." Text Order, dated March 25, 2024.

Plaintiff also declined to meet-and-confer about trial preparation. Go Decl. Ex. A (Email dated March 27, 2024 from J. Vera to J. Kwon). Instead, on March 27, 2024, three weeks before trial, Plaintiff sought to issue a trial subpoena to Ms. Danielle Hyams and Mr. Felipe De La Hoz. The trial subpoena came nearly a year after the initial disclosure, served on May 18, 2023, which identified Ms. Hyams and Mr. De La Hoz; nearly six months since the close of fact discovery on September 15, 2023 (during which Plaintiff deposed neither Ms. Hyams nor Mr. De La Hoz); and nearly two months after identifying Ms. Hyams and Mr. De La Hoz as Plaintiff's own trial witnesses in the Pretrial Order filed on February 2, 2024. ECF No. 37 at 4. While Mr. De La Hoz appeared at trial, he testified that he had no involvement in the selection of the Photograph in the Article—a testimony duplicative of Ms. Kalita's.[2] ECF No. 45 at 86:18-19, 87:12-13, 85:1-23.

## III. The Trial Record Showed That KMC's Copyright Infringement Was Innocent And Not Willful.

On April 16, 2024, the Court held a one-day bench trial. At trial, the record showed that KMC's infringement was innocent and not willful. *See generally* ECF Nos. 51-52. The record also showed that Ms. Kalita was surprised when the lawsuit was first filed, ECF No. 45 at 82:2-9, that KMC immediately removed the Photograph once it became aware of the instant action, *id.* at 82:22-23, and that since the commencement of the lawsuit, KMC engaged Cornell Law Center to update it copyright compliance training program, *id.* at 76:8-23.

---

[2] Ultimately, Plaintiff appears to have abandoned effectuating service on Ms. Hyams because she was based in Mexico.

## ARGUMENT

Attorneys' fees may be awarded to a prevailing party in a copyright action not "as a matter of course" but "only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). When deciding whether to award fees, a court should consider (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the parties' motivations; (3) objective unreasonableness (both in the factual and in the legal components of the case); and (4) the need in particular circumstances to advance considerations of compensation and deterrence. *Id.* at 533 n. 19.

Courts also consider whether or not the infringement was willful and the course of negotiations when determining whether to award fees. *See Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 677 F. Supp. 740, 771 (S.D.N.Y. 1988); *Walsh v. Townsquare Media, Inc.*, 565 F. Supp. 3d 400, 404 (S.D.N.Y. 2021) ("course of negotiations may properly bear on [] decision" to award fees). These factors should be used only "so long as they are faithful to the purposes of the Copyright Act," which is to "encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty,* 510 U.S. at 524, 534. In this case, all of the *Fogerty* factors counsel against awarding fees—in fact, awarding fees would subvert rather than promote the purposes of the Copyright Act.

## I. The *Fogerty Factors* Do Not Support an Award of Attorneys' Fees and Costs.

Contrary to Plaintiff's contention, all four of the non-exclusive *Fogerty* factors favor KMC because: (1) KMC pursued meritorious defenses and exercised reasonable judgment in its litigation decisions; (2) KMC's only motivation was to fairly and efficiently resolve the claim at issue, in contrast to Plaintiff's bad faith insistence on litigation; (3) Plaintiff's copyright claim was unreasonable as he pursued settlement demands divorced from evidence; and (4) an award of fees and costs is not necessary for fair compensation and deterrence.

## A. KMC Pursued Meritorious Defenses and Exercised Good-Faith, Reasonable Judgment in Its Litigation Decisions.

Plaintiff makes much ado about several defenses that it was never ultimately called to meet, claiming that KMC's position was objectively unreasonable and that its defenses were frivolous. ECF No. 49 at 6-12. Plaintiff claims that KMC "vexatiously multiplied the proceedings in this action," [3] but these claims are unfounded. KMC's conduct all throughout this matter has indicated a sincere effort to protect its rights while endeavoring to minimize burdens on the Court and the Parties.

### 1. KMC's Affirmative Defenses Were Reasonable.

During the pleading stage, defendants are constrained to raise all affirmative defenses in its Answer or risk waiver. *See* Fed. R. Civ. P. 12(h). This leaves KMC with limited knowledge to fully assess the likely success of such defenses. *See GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019) ("The pleader of an affirmative defense has only the 21-day interval to respond to an original complaint . . . an answer that requires a responsive pleading, or the 14-day interval to file a required response to an amended pleading that makes a new claim. That aspect of the context matters."). Furthermore, a "lack of success on the merits, without more, does not establish that the non-prevailing party's position was objectively unreasonable." *Overseas Direct Imp. Co. v. Family Dollar Stores Inc.*, 2013 WL 5988937, at *2 (S.D.N.Y. Nov. 12, 2013); *see also Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 207 (2016) ("No matter which side wins a case, the court must assess whether the other side's position was (un)reasonable

---

[3] Plaintiff's reliance on *Reiffer v. NYC Luxury Limousine Ltd.*, 2023 WL 4029400 (S.D.N.Y. June 15, 2023) is inapposite. The defendant in *Reiffer* flagrantly disobeyed court orders, repeatedly refused to participate in mediation, and failed entirely to respond to discovery requests. *Id.* at *4. In contrast, KMC engaged in discovery and settlement negotiations in good-faith, most notably by participating in a settlement conference and making an Offer of Judgment under Rule 68 in an amount the *Magistrate Judge recommended. See* ECF No. 41.

. . . Courts every day see reasonable defenses that ultimately fail"). A claim is only frivolous "where it lacks an arguable basis in either law or in fact." *Tafari v. Hues*, 473 F.3d 440, 442 (2d Cir.2007); *see also Societe Del Hotels Meridien v. LaSalle Hotel Operating P'ship*, 2003 WL 21982959, at *1 (S.D.N.Y. Aug. 20, 2003) (finding that although some arguments were ultimately rejected, "those opinions [rejecting the arguments] demonstrate that arguments had some substance and were far from frivolous"). Withdrawing a claim or defense after initially litigating it does not render a party's position unreasonable. *See, e.g.*, *John Wiley & Sons, Inc. v. Kirtsaeng*, 2016 WL 7392210, at *3 (S.D.N.Y. Dec. 21, 2016) (denying attorneys' fees in part because non-prevailing party withdrew claims that were unlikely to succeed before trial). KMC—who was not made aware of Plaintiff's claim prior to the lawsuit's filing—raised all defenses it reasonably believed it might rely upon in response to Plaintiff's claim. Because Plaintiff failed to engage in meaningful settlement discussions, KMC proceeded through discovery to develop these defenses and ascertain the merits of Plaintiff's claims. As discovery progressed, it became clear that some of these defenses were not likely to succeed, and ultimately KMC determined that it would not be a good use of judicial resources to contest liability. As a result, KMC opted to concede liability and waive its previously retained defenses, not because they were frivolous, but because KMC determined that their relative strength did not justify the burden on the Parties or the Court to litigate. *See* ECF No. 34 ("Defendant has readily conceded liability to narrow the scope of the issues in dispute and to alleviate the burdens on the parties and the court."). Thus, far from being frivolous or objectively unreasonable, KMC has consistently been reasonable, and it made every effort to reduce the Parties' and this Court's burden.[4]

---

[4] Plaintiff speculates that "had Plaintiff not moved for a pre-motion conference, the parties would have proceeded to trial not only on the issue of damages but as to liability as well." ECF No. 49 (continued…)

2. KMC Made Good-Faith Effort to Settle Plaintiff's Claim Throughout This Action.

Plaintiff's claim that "Defendant made no legitimate effort at settlement" appears grounded in the fact that KMC did not acquiesce to Plaintiff's unreasonable demand to his satisfaction. But "the failure to tender a sufficiently high settlement offer in Plaintiff['s] view does not even remotely approach the kind of misbehavior that would be required to justify an award of fees." *Barcroft Media, Ltd. v. Coed Media Group, LLC*, 2018 WL 357298, at *2 (S.D.N.Y. Jan. 10, 2018); *see also Bryant v. Media Right Productions, Inc.*, 603 F.3d 135, 144 (2d Cir. 2010) ("Appellees also were reasonable in trying to resolve the case short of trial: Appellees made an Offer of Judgment in the amount of $3000, which Appellants rejected, in favor of continuing to demand over $1 million in damages, notwithstanding the evidence that Appellees had received less than $600 in revenues from infringing sales").

At the outset of litigation, KMC made a good-faith settlement offer of $500, which is commensurate with—and in fact more than—the $470 payment from the New York Post, which is the only licensing fee that Plaintiff has ever received for this work. ECF No. 41 at 1, 41-1; ECF No. 45 at 103:5-7, 107:15-19, 108:5-21; *see Baker v. Urban Outfitters, Inc.*, 254 F. Supp. 2d 346, 359 (S.D.N.Y. 2003) ("[P]ast licensing can serve as a benchmark for measuring the fair market value of a reasonable license fee for the Photograph."). Plaintiff rejected this offer and responded with a demand for over $12,000. Plaintiff refused to explain how such an offer was supported by evidence, effectively forcing KMC to proceed through discovery.

---

at 6-7. This assertion is entirely groundless, though it does highlight the fact that Plaintiff made no effort to meet and confer before filing its summary judgment motion. If he had, he would have learned that KMC was at that time going to concede the issue of liability in order to streamline the action, and Plaintiff could have avoided the substantial burden to the Parties and the Court that his motion caused.

Despite repeated attempts by KMC to resolve this matter, most notably including a Rule 68 Offer of Judgment in an amount of $2,500 *as recommended by Magistrate Judge Reyes*, Plaintiff refused to consider an offer proportionate to a reasonable licensing fee for his Photograph. *See* ECF No. 41 at 2; ECF No. 28 at 9:5-6, 12:21-23 ("Why don't [the Parties] settle the case for 2,500 bucks?"). The Parties' negotiation history, which is fully briefed in KMC's Response to Plaintiff's Letter Motion for Enforcement of Agreement, *see* ECF No. 41, shows that KMC acted reasonably in defending itself from Plaintiff's claims and high-pressure tactics. *See id.* at 1-2.

3.     <u>KMC Exercised Good-Faith, Reasonable Judgment in Its Litigation Decisions.</u>

Plaintiff also nitpicks various parts of the litigation process, apparently taking the position that any disagreement between the parties is evidence of an unreasonable position. *See* ECF No. 49 at 7-9, 15-17, 20. A significant portion of Plaintiff's brief is dedicated to re-litigating long-settled issues ranging from Danielle Hyams' status as a contractor[5] to KMC's motion to compel production of Plaintiff's agreement with the New York Post—which to date has not been produced. The Court has already ruled on many of these disputes *in KMC's favor*. *See, e.g.*, ECF No. 21

---

[5] Plaintiff somewhat inexplicably raises the issue of volitional conduct as it relates to Danielle Hyams' status as an independent contractor. ECF No. 49 at 7-8. Volitional conduct is only relevant "[w]hen there is a dispute as to the author of an allegedly infringing instance of reproduction." *See Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 131 (2d Cir. 2008). There is no such dispute here—Plaintiff claims that KMC is responsible for publishing the Photograph and KMC has never contested that fact. Plaintiff's extensive argument on this point is thus not only misleading, but irrelevant to this motion and the case at large. The proposed stipulation that Plaintiff cites was offered in an attempt to streamline discovery and avoid producing sensitive payroll records demanded by Plaintiff to establish Ms. Hyams' employment status. Further, Plaintiff's criticism of KMC's counsel, who he now blames for Plaintiff's own failure to serve and produce Ms. Hyams as a trial witness, belies reality. ECF No. 49 at 9 n.3. It is unclear why Plaintiff assumed KMC's counsel represented Ms. Hyams or that she would be available for deposition after they explicitly told him that she was an independent contractor who lives in Mexico. *See id.* In any case, Plaintiff had over a year since the disclosure of Ms. Hyams in the initial disclosure to seek deposition, and nearly two months since identifying her as a trial witness to take proper steps to effectuate the service of trial subpoenas. *See supra* p. 8. Plaintiff cannot now fault KMC for his own tardiness.

(compelling Plaintiff to produce the license agreement with the New York Post); Text Order dated, March 25, 2024 (denying Plaintiff's motions *in limine*, including his motion to preclude evidence of innocent infringement). "[T]hose opinions [decided in KMC's favor] demonstrate that [KMC's] arguments . . . were far from frivolous" and instead were meritorious.[6] *See Societe Del Hotels Meridien*, 2003 WL 21982959, at *1.

Taken together, Plaintiff's apparent argument is that KMC should have capitulated to Plaintiff's excessive demands rather than engage in any fact-finding or mount any defense at all. This position is patently unreasonable and would allow for copyright holders to extort exorbitant sums from litigants with potentially meritorious defenses by effectively shutting off discovery. KMC is entitled to defend itself against Plaintiff's claims and to participate in discovery, and KMC at all times acted to reduce the burden on the parties, such that attorneys' fees are not warranted. *See, e.g.*, *Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1127 (2d Cir. 1989) (holding that plaintiff is not entitled to attorneys' fees where defendant litigated in good faith against unreasonable settlement demands from plaintiff); *Boisson v. Banian Ltd.*, 280 F. Supp. 2d 10, 20 (E.D.N.Y. 2003) (a defendant's decision not to accept unreasonable settlement offers "was in no way motivated by a bad-faith effort."); *Bourne Co. v. MPL Commc'ns, Inc.*, 678 F. Supp. 70, 72 (S.D.N.Y. 1988) ("Given the . . . lack of any bad faith on the part of defendants, the Court declines to award costs or attorney's fees to plaintiff."); *Cf. Matthew Bender & Co., Inc. v. West Pub. Co.*, 240 F.3d 116, 126 (2d Cir. 2001) ("The District Court's award essentially punishes West for availing itself of a right provided by the Federal Rules, namely, moving to dismiss the plaintiff's

---

[6] Plaintiff also seems to take issue with *both* KMC's decision not to ultimately present an expert, ECF No. 46 ¶ 1, and its initial interest in potentially presenting an expert, ECF No. 49 at 17. KMC once again emphasizes that its decisions throughout litigation, including its initial interest in but ultimate decision not to retain an expert, were reasonable positions that align with its aims of protecting its rights while minimizing litigation costs and burdens.

complaint.  To allow fees on this basis would be to deter the exercise of rights afforded to litigants in federal court.").

**B.    KMC's Motivation Was to Fairly and Efficiently Resolve This Matter Despite Plaintiff's Insistence on Litigation.**

The record makes clear that KMC's motivation was at all times proper:  KMC at every turn sought to resolve this matter fairly and efficiently despite Plaintiff's outrageous demands.  As the record marks clear, this infringement was an isolated occurrence; despite Plaintiff's baseless speculation, he introduced no evidence of any other infringement committed by KMC.  *See* ECF No. 45 at 50:4-51:25.  Indeed, as explained in KMC's Proposed Conclusions of Law, this infringement was clearly non-willful and, in fact, was innocent.  ECF No. 51 at ¶¶ 22-27, 30-36. KMC earned no revenue attributable to the Photograph, and Plaintiff has provided no evidence that this mistaken use has harmed the market for the Photograph or his photography more generally.  ECF No. 51 at ¶ 18; ECF No. 45 at 81:12-19, 82:10-18.  Furthermore, it is clear that KMC has made best efforts to comply with the Copyright Act more generally, building upon its copyright compliance program with the help of Cornell Law Center as it grew.  *See* ECF No. 51 at ¶ 10; ECF No. 45 at 77:9-22, 76:8-23.  And upon learning about this lawsuit, KMC immediately removed the Photograph and tried repeatedly to resolve this case fairly and efficiently.  KMC made numerous settlement offers that far exceeded any reasonable value for the Photograph's license, withdrew some of its defenses and avoided using experts to narrow the case, conceded liability to streamline the action and promote settlement, and sought to meet-and-confer at every turn to resolve evidentiary disputes in order to avoid filing excessive motions.  *See supra* pp. 8-9.

By contrast, Plaintiff's course of conduct exhibits a motivation to obtain financial gain rather than to protect its copyright interest.  As Magistrate Judge Reyes aptly noted, Plaintiff's action is "all about attorneys [sic] fees," ECF No. 28 at 12:17.  Plaintiff delayed bringing suit

following discovery of potential infringement; Plaintiff pursued unreasonable settlement demands divorced from any evidence; Plaintiff filed unnecessary motions over settlement and evidentiary disputes; Plaintiff belatedly attempted to issue trial subpoena against third parties over a year after their initial disclosure; and Plaintiff declined to meet and confer about trial. *See supra* p. 8. Plaintiff's needless conduct forced KMC to litigate and multiplied the proceedings.

In the face of these facts, Plaintiff advances only an unsupported conspiracy theory irrelevant to the issues in this action. Plaintiff is apparently upset that KMC retained *pro bono* counsel and decided to make a Rule 68 offer and litigate rather than capitulate to Plaintiff's unreasonable demands. Plaintiff characterizes KMC's counsel as "solicit[ing]" KMC to represent it for "glorified CLE credit" and "for the purpose of inflating their pro bono hours." ECF No. 49 at 13-16. Nothing could be further from the truth. Upon receiving solicitations from ***other*** law firms informing it of Plaintiff's suit, KMC reached out to the pro bono wing of Reporters Committee for Freedom of the Press, which in turn referred the matter to Covington & Burling LLP ("Covington"). Voss Decl.[7] Contrary to Plaintiff's conspiratorial accusations, Covington lawyers here—as always—volunteered their time to provide *pro bono* representation in accordance with the firm's dedication to public service.[8] Plaintiff's disparagement of KMC's counsel, aside from being irrelevant to the issue of attorneys' fees, is absurd and baseless.

Plaintiff similarly speculates that KMC has no "skin in the game" based on its idea that damages would be covered by insurance. ECF No. 49 at 16. The record reveals exactly the opposite: testimony from Ms. Kalita establishes that—to the best of her knowledge—insurance

---

[7] "Voss Decl." refers to the declaration of Kelly Voss filed in support of this opposition.

[8] *See generally* Covington and Burling LLP Pro Bono (2023), https://www.cov.com/-/media/files/corporate/pro-bono/pro-bono-brochure.pdf ("At Covington, pro bono is encouraged but voluntary.").

will not cover this case, and Plaintiff has provided no evidence to the contrary.  ECF No. 45 at 83:2-13.

### C.    Plaintiff's Copyright Claim Was Unreasonable as He Pursued Settlement Demands Divorced From Evidence.

Courts in this Circuit have found that a major discrepancy between damages demanded and a claim's reasonable expected value can speak to "the unreasonable nature of [copyright] claims." *Baker v. Urb. Outfitters, Inc.*, 431 F. Supp. 2d 351, 358-59 (S.D.N.Y. 2006) (finding unreasonableness where plaintiff "maintained [a] demand for more than $260,000 in 'actual damages' on a claim that was shown fairly promptly not to be worth more than $3896."), *aff'd*, 249 F. App'x 845 (2d Cir. 2007).

Here, the record is clear that the only instance of payment that Plaintiff ever received for the Photograph was $470 from the New York Post, in connection with not just a license to the Photograph, but also to 58 other versions of it and for the photography session that generated such images.  *See supra* p. 4.  Plaintiff admitted that it did not receive any other payments for the Photograph, did not enter into any other license agreements in connection with the Photograph, and has still not produced the underlying license agreement with the New York Post.  *See supra* pp. 4-5.  And yet, during settlement negotiations, Plaintiff has consistently sought damages far in excess of $470, including demands for more than 25 times KMC's offer and more than 100 times any reasonable licensing fee for the Photograph.  *See* ECF No. 41 at 2.  Now Plaintiff seeks roughly $120,000, which is 250 times greater than the $470 license fee the New York Post paid.

The amount that Plaintiff seeks also flies in the face of Magistrate Judge Reyes' recommendation of $2,500, and the $2,000 that Plaintiff was apparently willing to accept as the value of statutory damages under the fictitious settlement terms that Plaintiff ultimately failed to

enforce. *See* ECF No. 40. Taken together, it is Plaintiff—not KMC—that has advanced unreasonable positions throughout this action.

### D. An Award of Fees is Not Needed for Compensation and Deterrence.

Courts within this Circuit have consistently declined to award attorneys' fees for deterrence purposes when the defendant promptly ceased infringement upon learning of a plaintiff's claim. *See, e.g.*, *Golden v. Michael Grecco Prods., Inc.*, 524 F. Supp. 3d 52, 67 (E.D.N.Y. 2021) ("Because Golden has acted in good faith, immediately removed the offending post upon notice, and likely caused little or no actual damages, a statutory damages award [of $750] in Grecco's favor is more than sufficient. . . . Accordingly, attorney's fees and costs are not warranted."); *BWP Media USA, Inc. v. Mishka NYC LLC*, 2016 WL 8309676, at *3 (E.D.N.Y. Dec. 28, 2016) (declining to award attorneys' fees in part because the defendant "cooperated in ceasing any potentially infringing conduct upon being served with the lawsuit by immediately removing the photographs from its blog," and defendant "made its position clear from the start that it was a small business and it made multiple attempts to settle this matter").

Indeed, because KMC promptly removed the Photograph as soon as it learned of Plaintiff's claim, and had independently bolstered its already reasonable copyright compliance program, there is no ongoing conduct to deter. *See* ECF No. 45 at 80:1-6, 82:22-23.

Plaintiff's heavy reliance on *Crown Awards, Inc. v. Discount Trophy & Co., Inc.*, 564 F. Supp. 2d 290, 297 (S.D.N.Y. 2008), *aff'd*, 326 Fed. App'x 575 (2d Cir. 2009) for the proposition that attorneys' fees award is "presumptive" in a low-value copyright infringement is misplaced. In *Crown Awards, Inc.*, the defendant filed a "meritless counterclaim for malicious prosecution, a groundless motion for summary judgment, and motions *in limine* that it later withdrew, and by asserting a defense . . . that this Court found 'absolutely impossible to believe.'" *Id.* at 292. The court characterized counsel's conduct as "the most unprofessional behavior imaginable" and

awarded fees because "[o]nly an award of attorneys' fees will have an appropriately deterrent effect" against abusive litigation behavior. *Id.* at 297. As described, KMC's conduct stands in stark contrast to those engaged by the non-prevailing party in *Crown Awards*. *See supra* pp. 4-5.

In a tortured attempt to portray KMC's conduct as vexatious, Plaintiff focuses on irrelevant discovery issues.[9] *See* ECF No. 49 at 7. However, these issues have already been resolved, largely in KMC's favor.[10] *See supra* pp. 4-5.

## II. Because KMC's Infringement Was Not Willful, An Award of Attorneys' Fees is Unwarranted.

In addition to the *Fogerty* factors addressed above, courts within the Second Circuit have remarked that "an attorney's fee generally will be awarded only where there is some element of moral blame against the losing party." *TVT Recs., Inc. v. Island Def Jam Music Grp.*, 446 F. Supp. 2d 235, 241 (S.D.N.Y. 2006); *Dolori Fabrics, Inc. v. Limited, Inc.*, 662 F. Supp. 1347, 1357 (S.D.N.Y. 1987). Therefore, courts tend not to award attorneys' fees where the non-prevailing party's copyright infringement is not willful. *See Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 677 F. Supp. 740, 771 (S.D.N.Y. 1988) ("there is no reason to punish defendants by an award to the copyright owner of attorneys' fees because the infringement in this case was not willful but

---

[9] Plaintiff's reliance on an out-of-circuit case, *Assessment Tech. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004), is inapplicable because *WIREdata, Inc.* involved a *defendant* prevailing party and thus was not eligible for a fee award. *Id.* ("When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong").

[10] Plaintiff also criticizes KMC for "filing confidential settlement communications" and for "filing Defendant's Rule 68 Offer of Judgment in violation of Federal Rule of Civil Procedure 68." *See* ECF No. 49 at 21; ECF No. 41. However, Plaintiff was the first to put such communications directly in dispute, *see generally* ECF No. 40, requiring KMC to include those documents necessary to rebut Plaintiff's accusations; they were not admitted into evidence to prove liability or damages. *See* Fed. R. Evid. 408.

innocent"). KMC's infringement was innocent, and not willful, and therefore, no attorneys' fees should be awarded here. *See supra* p. 8; *see generally* ECF No. 51.

At trial, Plaintiff failed to show that KMC's infringement was willful: KMC was unaware of Plaintiff's copyright until the present case was filed and had no constructive knowledge of Plaintiff's rights such that it acted recklessly in posting the Photograph. ECF No. 51 at ¶¶ 30-32. The record at trial showed that KMC's infringement was instead innocent because KMC had no reason to know that the Photograph—which bore no copyright notice, watermarks, or any reference at all to Plaintiff—was owned by Plaintiff; KMC was not on notice of his claims because Plaintiff failed to send any cease and desist letters; KMC was not experienced with copyright matters; and KMC's copyright clearance process was objectively reasonable under the circumstances. *Id.* at ¶¶ 21-24. KMC should not be punished with attorneys' fees for what ultimately amounts to a simple mistake.

## III. An Award of Attorneys' Fees Would Frustrate the Purposes of The Copyright Act and Discourage Efficient Resolution of Claims

An award of fees in this case would over-deter and have the perverse effect of encouraging needless litigation—as here—based on little to no evidentiary basis where Plaintiff's counsel may believe that the defendant's insurance coverage could satisfy any damages.

Attorneys' fees should only be awarded if they would "advance the goals of the Copyright Act." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197 (2016); *Fogerty*, 510 U.S. at 524. The Copyright Act intends to "strik[e] a balance between two subsidiary aims: encouraging and rewarding authors' creations while also enabling others to build on that work." *Kirtsaeng*, 579 U.S. at 204. The Copyright Act does not provide for attorneys' fees "as a matter of course." *Fogerty*, 510 U.S. at 533; *see also Seidman*, 2020 WL 1922375, at *7 (noting that Plaintiff with *de minimis* claim "may well not receive an award to cover attorneys' fees," as "the Copyright Act

intended"). In cases involving a contingency fee, the Court is empowered to "ensure that a contingent fee arrangement does not result in an unjustified windfall to plaintiff's counsel." *In Design v. K-Mart Apparel Corp.*, 13 F.3d 559, 568-69 (2d Cir. 1994), *abrogated on other grounds by Fogerty*, 510 U.S. at 533. And because an award of the statutory minimum would adequately compensate Plaintiff—if not overcompensate him given the minimal value of the Photograph—attorney's fees would represent not fair compensation, but an unreasonable windfall for Plaintiff's counsel. *See Seidman v. Authentic Brands Grp. LLC*, 2020 WL 1922375, at *7 (S.D.N.Y. Apr. 21, 2020) (noting that a claimant whose photograph was worth less than $300 and who delayed in bringing her claims would "be entitled to little, if anything, in statutory damages and may well not receive an award to cover attorneys' fees . . . That is how the Copyright Act intended to prevent a plaintiff from pursuing a marginal claim"); *Barcroft Media*, 2018 WL 357298, at *3 ("to award fees [where defendant had voluntarily eased infringement and made multiple attempts to settle the matter] would constitute a windfall to Plaintiffs and potentially overdeter [defendant]").

Plaintiff makes many sweeping arguments claiming that an award of attorneys' fees is necessary in this case to ensure that Plaintiff is "properly credited and compensated" in accordance with the Copyright Act. ECF No. 49 at 19. This argument may have had merit if KMC hadn't immediately removed the Photograph and offered to compensate Plaintiff as soon as it became aware of his claims. *See* ECF No. 45 at 82:2-9, 82:22-23.

Despite KMC ceasing to use the Photograph as soon as it was aware of this suit, Plaintiff aggressively pursued litigation. Indeed, it was Plaintiff's choice to refuse to meaningfully engage in settlement negotiations, demand unreasonable sums, and push this case all the way to trial. Whatever costs he has incurred as a result of those choices are his to bear. *BWP Media*, 2016 WL 8309676, at *3 (attorney's fees no warranted for posting of two photographs on relatively unknown

blog in part because "Plaintiff's choice to continue the litigation rather than pursue an early settlement should not be rewarded by an award of attorney's fees many times the amount of judgment entered.").

As Magistrate Judge Reyes noted that "[t]his is all about attorneys [*sic*] fees": Plaintiff—and his counsel—are looking to maximize attorneys' fees rather than to ensure that Plaintiff was properly credited and compensated. ECF No. 28 at 12:17. Plaintiff's counsel repeatedly signaled that his settlement demands far exceeded the value of the license to the Photograph in part because he believed that his demand would be covered by KMC's insurance. ECF No. 28 at 9:18-10:4 ("insurance is at play in this matter that would be liable for any judgment that would be awarded to plaintiff should he be successful prosecuting this matter"). Even in this Motion, Plaintiff speculates that KMC has no "skin in the game" because he believes insurance would cover KMC's damages. ECF No. 49 at 16.[11] Therefore, an award here would tacitly approve costly litigation over *de minimis* claims against *cooperative* defendants, and do nothing to incentivize the creation of works of authorship consistent with the Copyright Act.

## IV. Even if Plaintiff Were Entitled to Attorneys' Fees and Costs (He is Not), The Requested Amount is Unreasonable.

For the foregoing reasons, Plaintiff is not entitled to attorneys' fees and costs. Even if he were, Plaintiff has failed to show that his requested fees and costs were reasonable.

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Section 505 fee awards are based off a calculation of the "presumptively reasonable fee," or the fee that "a reasonable, paying client would be willing to pay." *Simmons v.*

---

[11] Ms. Mitra testified at trial that she believes that KMC's insurance will not cover any judgment in this action. *See supra* p. 17.

*New York City Transit Auth.,* 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks and citation omitted), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008).  Here, the requested fees are unreasonable because the billing records fail to demonstrate that all of the hours claimed were reasonably expended, and that Plaintiff's counsel's hourly rates are unreasonable.

> **A.      The Time Records of Plaintiff's Counsel Are Subject to Reduction for Block-Billing and Vagueness.**

Plaintiff's submission of time records generally include vague entries lacking requisite specificity and block billing or aggregation of a number of tasks in a single time entry. *See generally* Dkt. No 50-13.  Because cursory descriptions and block billing interferes with the "ability of a court to evaluate the reasonableness of attorney hours," a significant reduction would be warranted.  *See Hollander Glass Texas, Inc. v. Rosen-Paramount Glass Co.*, 291 F. Supp. 3d 554, 563 (S.D.N.Y. 2018); *Soler v. G & U, Inc.,* 801 F.Supp. 1056, 1061–62 (S.D.N.Y.1992) ("commingling of activities within one time entry impedes the court's efforts to evaluate the reasonableness of any of the listed activities").  Courts commonly make significant reductions for such types of entries.  *See, e.g., Spalluto v. Trump Int'l Hotel & Tower,* 2008 WL 4525372, at *8 (S.D.N.Y. Oct. 2, 2008) (listing cases) ("cursory descriptions, such as . . . 'prepare correspondence to co-counsel,' . . . and 'prepare letter to court' are too vague"); *Margel v. E.G.L. Gem Lab Ltd.,* 2009 WL 302069, at *6 (S.D.N.Y. Feb. 6, 2009) ("Where time entries are justified in principle but vague in detail, courts frequently employ a reduction of 20% in order to eliminate waste that may be hidden in the entries.") (citation omitted); *Williamsburg Fair Hous. Comm. v. N.Y. City Hous. Auth.,* 2007 WL 486610, at *5 (S.D.N.Y. Feb. 14, 2007) (approximately 50% reduction); *Trs. of Empire State Carpenters Annuity v. Penco United, LLC,* 2015 WL 1650960, at *5 (E.D.N.Y. Apr. 14, 2015) (40% reduction in fees request); *Nimkoff Rosenfeld & Schechter, LLP v. RKO Props., Ltd.*, 2011 WL 8955840, at *7 (S.D.N.Y. Apr. 7, 2011) (25% reduction in part because of block

billing); *Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG*, 2005 WL 3099592, at *7 (S.D.N.Y. Nov. 17, 2005) (reducing fees by 25% to account for block billing, vagueness in entries, and excessive time spent). This Court should reach a similar result.

### B. Plaintiff's Hourly Rates Are Unreasonable.

Plaintiff's fees request is also deficient in that he has not shown that the hourly rates applied to this action are reasonable. "In copyright cases, courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff." *Martinka v. Yeshiva World News, LLC*, 2022 WL 4484655, at *7 (E.D.N.Y. Sept. 27, 2022) (internal quotations and citations omitted); *see also Prepared Food Photos, Inc. v. Mikey's Famous Marinades Corp.*, 2023 WL 4867457, at *3 (E.D.N.Y. July 31, 2023) (same); *Haker v. Tentree Int'l Inc.*, 2021 WL 3884195, at *6 (E.D.N.Y. Aug. 31, 2021) (same). Plaintiff here requests hourly rates far in excess of the standard rates in this Circuit, as he seeks the following rates: Craig Sanders ($750), James Freeman ($600), Jonathan Cader ($600), Joshua Vera ($250), Courtney Smith ($125). Plaintiff fails to provide any credible basis as to why such a significant deviation from the prevailing market standard is warranted in an action for a single claim of infringement, over a single photo, where liability has already been conceded.[12]

In fact, in another case brought by Plaintiff Matthew McDermott, where he is similarly represented by Craig Sanders and James Freeman, the Court rejected Plaintiff's counsel's request

---

[12] Plaintiff includes in his Declaration, but never cites in his Motion, an excerpt from an economic report that purportedly supports Joshua Vera's rates as reasonable. *See* ECF No. 50 at ¶ 24. The report that Mr. Vera has attached only includes rates for individuals with at least 7 years of IP law experience, and is thus inapplicable to Mr. Vera, who has at most three years of experience. *See id.*; ECF No. 14.

for requested fee, because that court found that an hourly rate of $600 for Mr. Freeman was "unreasonable in light of the prevailing hourly rate in this district for cases." *McDermott v. Light the Region Media LLC*, 2023 WL 8656783, at *6 (W.D.N.Y. Dec. 15, 2023). Instead, the Court in *Light the Region Media LLC* reduced Plaintiff's counsel's hourly rate to $300, awarding only $450 in attorneys' fees. *Id.* If fees were warranted in this case—and they are not for the all reasons outlined above—they should be similarly reduced to be in line with *Light the Region*.

### C.     No Costs Should Be Awarded.

For the same reasons that attorney's fees should not be awarded, costs should also not be awarded to Plaintiff.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion for Attorney's Fees and Costs.

Respectfully submitted,

Dated: May 21, 2024

/s/ *Françoise Djoukeng*
Françoise Djoukeng (*pro hac vice*)
COVINGTON & BURLING LLP
3000 El Camino Real,
5 Palo Alto Square, 10th floor
Palo Alto, California 94306-2112
650-632-4700
fdjoukeng@cov.com

/s/ *Gawon Go*
Gawon Go (Bar No. 5597059)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
212-841-1000
ggo@cov.com

*Attorneys for Defendant*
*Kalita Mukul Creative Inc.*